Filed 5/30/25  P. v. Pantalion CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101180 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F00367) |
| v. | |
| CHARLES PANTALION, | |
| Defendant and Appellant. | |

In 2015, defendant Charles Pantalion pled no contest to multiple offenses and enhancements and was sentenced to 25 years in prison.  The enhancements included a firearm enhancement under Penal Code[1] section 12022.5, subdivision (a); a prior serious felony enhancement under section 667, subdivision (a); and a strike enhancement under section 667, subdivisions (b) through (i).  In 2024, defendant filed a motion under

---

[1]     Further undesignated section references are to the Penal Code.

1

section 1172.75 to strike a now invalid prior prison term enhancement imposed under section 667.5, subdivision (b), even though he had not been convicted of an enhancement under that provision. Defendant also requested resentencing under current law.

The trial court denied defendant's motion under section 1172.75 because defendant did not qualify for relief under that statute. The court further dismissed defendant's motion under section 1172.1 because it was not filed pursuant to an authorized agency's recommendation and because the court had not made, and further declined to make, its own motion to recall and resentence defendant.

Defendant appeals the trial court's orders. We affirm the trial court's order denying defendant's motion to recall and resentence him under section 1172.75 and we dismiss defendant's appeal of the court's order declining to recall and resentence him under section 1172.1.

DISCUSSION

Defendant contends the trial court erred by denying his motion under section 1172.75 and dismissing his motion under section 1172.1 without first appointing counsel. We disagree.

Where, as here, execution of sentence has commenced and the judgment is final, the trial court is generally "deprived of jurisdiction to resentence" a criminal defendant. (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) "To obtain resentencing on a final judgment, a defendant must file a petition for writ of habeas corpus [citation], or proceed by way of a special statutory procedure." (*People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1118, citing *In re G.C.* (2020) 8 Cal.5th 1119, 1130.)

One of these special statutory procedures is section 1172.75. Defendant, however, cannot bring a motion under section 1172.75 because an enhancement under section 667.5, subdivision (b) was never found true or imposed as part of defendant's sentence. As relevant here, section 1172.75 invalidates "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5."

2

Because an enhancement under section 667.5, subdivision (b) was never found true or imposed, the trial court properly denied defendant's motion to invalidate a sentence for that enhancement.

Still, defendant argues the trial court should have appointed counsel to investigate the type of sentencing relief defendant could seek and present a more compelling argument for the court to exercise its own authority to recall and resentence him. But defendant has not cited any authority requiring the trial court to appoint counsel under the circumstances presented here. Relying on *People v. Cota* (2023) 97 Cal.App.5th 318, defendant appears to argue it was a good idea to appoint counsel so counsel could raise the full breadth of sentencing considerations the court could consider. In *Cota*, while the defendant petitioned for relief on his own motion, he qualified for relief under section 1172.75 once the Department of Corrections and Rehabilitation fulfilled its duty of informing the trial court the defendant was eligible for resentencing. (*Cota*, at pp. 332-333.) Thus, the appellate court concluded the trial court had jurisdiction to strike the prior prison term enhancements imposed under section 667.5, subdivision (b) and consider other sentencing arguments when resentencing the defendant after application of section 1172.75. (*Cota*, at pp. 324-325, 332-333.) Here, by contrast, the Department of Corrections and Rehabilitation has not informed the trial court of defendant's eligibility and defendant is ineligible for relief under section 1172.75. Accordingly, *Cota* does not provide authority for the trial court to appoint counsel or strike a portion of defendant's sentence.

Defendant also argues the court erred by dismissing his motion brought under section 1172.1 without first appointing counsel. The People argue the trial court's dismissal is a nonappealable order. We agree with the People.

Section 1172.1, subdivision (a)(1) permits a trial court to recall and resentence a defendant "on its own motion . . . at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law."

3

Section 1172.1, subdivision (c) provides that "[a] defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond."

There is no dispute here that the sentencing laws have changed in relevant respects since defendant was originally sentenced. For example, defendant was sentenced to a mandatory gun enhancement under section 12022.5 and a mandatory prior serious felony enhancement under section 667, subdivision (a), which are no longer mandatory sentence enhancements and may be stricken in the court's discretion. (*People v. McDavid* (2024) 15 Cal.5th 1015, 1024; *People v. Ellis* (2019) 43 Cal.App.5th 925, 928.)

Even though the sentencing laws applicable to defendant at the time of his sentencing have since changed, to appeal the trial court's order dismissing his motion, defendant must show his substantial rights were affected. (§ 1237, subd. (b) [an appeal may be taken following an "order made after judgment[] affecting the substantial rights of the party"].) Defendant cannot make such a showing. Indeed, the trial court had no obligation to act on defendant's motion. Section 1172.1, subdivision (c) plainly states that, "[i]f a defendant requests consideration for relief under this section, the court is not required to respond." "If the trial court is not required to act in response to a defendant's request, then [the] defendant has no right to a decision as to whether the trial court will make its own motion to recall and resentence." (*People v. Roy* (2025) 110 Cal.App.5th 991, 998.)

The Court of Appeal in *People v. Hodge* (2024) 107 Cal.App.5th 985, 996 similarly concluded section 1172.1, subdivision (c) "undermine[s] any claim that defendants have a substantial right at stake when they file an unauthorized [section 1172.1] request for resentencing." The *Hodge* court explained this provision "excuses the trial court from any responsibility to rule on such a request, or even to respond. It follows that a defendant who chooses to file an unauthorized request for resentencing has no right to a ruling. The defendants may have a liberty interest at stake

4

in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Hodge*, at p. 996.) We recently agreed with this analysis in *People v. Roy*, *supra*, 110 Cal.App.5th at pages 998-999 and we see no reason to divert from this reasoning now. Accordingly, the trial court's order dismissing defendant's motion under section 1172.1 is a nonappealable order.

## DISPOSITION

The order denying defendant's motion to recall and resentence him under section 1172.75 is affirmed. Defendant's appeal of the trial court's order declining to recall and resentence him under section 1172.1 is dismissed.

/s/
ROBIE, J.

We concur:

/s/
HULL, Acting P. J.

/s/
DUARTE, J.

5